(C. D. 638)

ASSOCIATED MFG. CO. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided May 27, 1942)

*Philip Stein* for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*Richard H. Welsh*, special attorney), for the defendant.

Before TILSON, KINCHELOE, and DALLINGER, Judges

DALLINGER, Judge: This is a suit against the United States, arising at the port of San Francisco, brought to recover certain customs

duties alleged to have been improperly exacted on a particular importation invoiced as "children's tricycles." Duty was levied thereon at the rate of 45 per centum ad valorem under paragraph 397 of the Tariff Act of 1930 as manufactures of metal not specially provided for. It is claimed that said articles are properly dutiable at the rate of 27½ per centum ad valorem under paragraph 372 of said act as machines not specially provided for, or at the rate of 30 per centum ad valorem under paragraph 371 of said act as bicycles by virtue of the similitude clause in paragraph 1559 of said act.

At the hearing, held at San Francisco on February 14, 1941, before Tilson, Judge, the following colloquy took place:

Mr. STEIN. If the Court please, there was a motion to amend filed in this case, which has been granted, and the only question involved here is one of relative specificity. The merchandise consists of a tricycle, or at least a tricycle or tricycle parts, and I don't think that there can be any question about how a tricycle operates, so that I am wondering whether the Government will concede the description that I give, to the effect that a tricycle is an article which has three wheels, used chiefly by children of young years, and that the motion of the tricycle, or its power of motion, is created by the pressing of the feet of the operator; the child, on pedals which are attached to the front wheel, and by pushing the pedals forward to make the vehicle go forward. Is that agreeable? Also, the seat is located towards the rear, a little forward from the two back wheels, upon which the operator sits as he pushes the pedals on the front wheel. It can be reversed or put forward by the appropriate pressure on the pedals which are attached to the front wheel. I am informed by the importer in this case that the pedals are attached to the front wheel, and that the connecting gear, if it may be called that, has the shape of a "u" upside down, and then a "u" as it appears normally, so as to give that turning motion. In other words, it is a bar that goes up and across, and then down, and then across and up.

Mr. WELSH. Both Mr. Watson and myself have listened to Mr. Stein's exposition, and we agree that that substantially describes the operation of a children's tricycle.

Upon this agreed statement of facts it is contended by counsel for the plaintiff that the tricycles in question are machines within the definition thereof laid down by the appellate court in *Simon, Buhler & Baumann, Inc.* v. *United States*, 8 Ct. Cust. Appls. 273, T. D. 37537, and that they are so classifiable within the meaning of paragraph 372 of the Tariff Act of 1930.

But counsel for the Government, in his brief filed herein, cites the case of *Marks Bros., Inc.* v. *United States* (7 Cust. Ct. 53 C. D. 534) now pending on appeal before the United States Court of Customs and Patent Appeals. In that case we held that certain pressed glass bricks or blocks were not bricks within the meaning of paragraph 201 (b) of the Tariff Act of 1930, as claimed by the plaintiff, but were properly dutiable at the rate of 40 per centum ad valorem under the provisions for "pressed building blocks or bricks * * * other 50% ad val." incorporated in paragraph 230 (d) of the Tariff Act of

1930 by virtue of the trade agreement between the United States and Czechoslovakia, promulgated in T. D. 49458, 73 Treas. Dec. 454. In that case this court said:

> It is obvious that where the President acts under authority of the Trade Agreement Act, as where he acts under authority of section 336 of the Tariff Act of 1930, his action is merely an extension of the legislative process (*United States* v. *George S. Bush & Co., Inc.*, 310 U. S. 371) and thus reflects the Congressional will in the premises. And that the legislative purpose applies whether the articles in question are called glass bricks or glass blocks. Under either designation they are now provided for *eo nomine* in said paragraph 230 (d), as modified by said trade agreement. Consequently, if the present shipment had been made after March 15, 1938, instead of prior to that date, there could have arisen no question as to the correct tariff classification thereof under said paragraph 230 (d) as so modified. Inasmuch as we believe the latter provision to be the only one applicable to said merchandise, and in view of the fact that it was not invoked by the protest or by amendment thereto, it follows that the collector's decision classifying the articles under said paragraph 218 (f), although erroneous, must nevertheless stand. * * * .

In the trade agreement between the United States and the United Kingdom, T. D. 49753, 74 Treas. Dec. 253, effective January 1, 1939, appears the following:

| Tariff Act of 1930 paragraph | Description of article | Rate of duty |
|---|---|---|
| 397 | Articles or wares not specially provided for, composed wholly or in chief value of iron, steel or other base metal (except lead), but not plated with platinum, gold, or silver, or colored with gold lacquer, whether partly or wholly manufactured:<br>　Luggage hardware<br>　Typewriter spools and parts of carbonated water siphons<br>　Cases and sharpening devices for safety razors; *tricycles*, including velocipedes, valued at $2.75 or more each; baby carriage fittings, styluses; and golf club heads. | 30% ad val.<br>25% ad val.<br>22½% ad val. |

[Italics ours.]

But counsel for the plaintiff in his brief filed herein points out that the merchandise at bar was imported and entered at the port of San Francisco on October 23, 1935, whereas the trade agreement with the United Kingdom did not become effective until January 1, 1939, and therefore contends that said trade agreement cannot be construed as having a retroactive effect upon merchandise imported long before said trade agreement became effective. We are inclined to agree with this contention. Hence, we hold that said trade agreement is not here controlling for the reason that merchandise must be classified as of the time of importation and under the law in existence at that time.

There is no question that upon the agreed statement of facts herein the tricycles in question are machines within the meaning of paragraph 372 of the Tariff Act of 1930, and as such are properly dutiable

at the rate of 27½ per centum ad valorem thereunder as machines not specially provided for and parts thereof, as alleged by the plaintiff. That claim is therefore sustained; but as to all other merchandise the claims are overruled. Judgment will be rendered accordingly.